## BRIDGET HEALEY *vs.* WARD BAKING COMPANY.
### ANDREW J. HEALEY *vs.* SAME.

JANUARY 18, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. These two plaintiffs are husband and wife. Each brought an action of trespass on the case for negligence to recover for damages suffered arising from injuries to the wife caused by a collision between one of the defendant's automobile trucks and an electric car operated by the United Electric Railways Co. The cases were tried together and the jury returned a verdict for the wife for $3,500 and for the husband for $500. The trial justice denied the defendant's motion for a new trial in the wife's case and filed a rescript granting defendant's motion for a new trial in the husband's case unless he should remit all of his verdict in excess of $132. The husband duly filed a remittitur and the motion for a new trial in his case was denied. Each case is before us on the defendant's exceptions as follows: To the ruling of said justice denying the motion for the direction of a verdict in favor of the defendant; to the action of said justice in denying defendant's motion for a new trial; to the refusal to strike out testimony; to a ruling refusing to require a witness to disclose the

names of passengers on said electric car at the time of the collision; to instructions to the jury and to the refusal to instruct as requested.

The collision occurred in the city of Pawtucket at the intersection of Pawtucket and Glenwood avenues. Pawtucket avenue runs north and south and Glenwood avenue east and west. At the time of the accident the plaintiffs were passengers on an electric car which was proceeding north on Pawtucket avenue. The defendant's truck had been proceeding west on Glenwood avenue and at the time of the collision was turning to the left into Pawtucket avenue. The upper right-hand corner of the front end of the truck collided with the right-hand side of the electric car which was brought to a sudden stop almost immediately after the collision. The wife was thrown from her seat against the seat in front of her. She suffered other minor injuries but the most serious injury was to her right knee which she contends was permanently injured.

In her declaration the wife complained of injuries to her right knee. In her bill of particulars she termed the injury "a housemaid's knee", which is bursitis of the bursa in front of the kneecap. Doctors O'Brien and Mathewson testified that at the time they examined the wife and at the time of the trial she suffered chronic bursitis of the sub-patella bursa, which bursa is just below and behind the kneecap.

Defendant contends that because of variance between the allegation in the bill of particulars and proof the trial justice should have stricken out all testimony relative to the injured sub-patella bursa. The declaration contains an allegation that the plaintiff was "greatly injured as to her right leg, particularly as to the kneecap thereof and the region surrounding the same." She evidently gave all the information available at the time when the bill of particulars was filed. When the inflammation subsided it was discovered that the sub-patella bursa was also injured. The bill of particulars calls attention to inflammation in front

of the kneecap, that is, housemaid's knee. The doctors testified that at the time of the trial this inflammation had cleared up disclosing inflammation back of the kneecap called bursitis of the sub-patella bursa. Before the trial defendant's doctors were permitted to examine the knee. It is apparent that they, before the trial, discovered the inflammation complained of at the trial because the defendant's attorney did not even claim to be surprised by the testimony of the plaintiffs' doctors. The declaration is broad enough to admit the evidence complained of. When the bill of particulars was filed it gave the best information then available. The defendant therefore had no ground for complaint, especially as there was no surprise. The ruling refusing to strike out testimony was correct.

The defendant's fifth exception is to the refusal of the trial justice to compel Charles E. Redfern, a witness called by the defendant, to disclose the names and addresses of passengers on said electric car, at the time of the accident, as reported to him in his capacity as claim agent for said railways company by the conductor and motorman of the electric car. No authority is cited in support of the exception.

At the time of the trial suits brought by these plaintiffs against said railways company to recover for the same damages were pending in the Superior Court. Whether said railways company intended to bring suit against said baking company for damage to the electric car or whether said baking company intended to bring suit against said railways company for damage to the truck does not appear. Neither does it appear that any one of said passengers if called as a witness could have given testimony beneficial to the defendant. The defendant's counsel does not contend that the information which he sought to illicit was evidence relative to any issue in the case. Even if the names of the passengers had been material to any issue, the testimony sought from the witness would have been hearsay and for that reason inadmissible. If said railways company had

been the defendant in the case the witness should not have been compelled to answer because the report of the conductor to the claim agent was a confidential communication between a principal and its agent. See Booth on Street Rys:, p. 650 and authorities there cited. Defendant was seeking in the course of a trial to use a *subpœna duces tecum* for a bill of discovery against a third party to his detriment.· The defendant was attempting to shift the liability, if any, from itself. to the railways company. Said railways company was entitled to withhold for its own benefit from the defendant the information contained in the report of the motorman and conductor to the claim agent. See authorities next above cited.

Defendant excepted to the refusal of the trial justice to direct a verdict for the defendant.

Defendant contended that the plaintiff was thrown from her seat and injured by the sudden stopping of the electric car and not by the force of the blow caused by the collision. There can be little dispute as to the negligence of the defendant's driver. The street was wet and, without chains on the wheels, he drove so near the intersection of the two streets without slacking his speed that when he applied the brakes the truck skidded into the side of the electric car which at that time had almost stopped. Defendant relies on *Mahogany* v. *Ward*, 16 R. I. 479, wherein it is stated that "the negligence of a third party intervening between the defendant's negligence and damage breaks the causal connection between the two." The court at page 483 qualified the above statement as follows: "The rule above stated is subject to the qualification that, if the intervening act is such as might reasonably have been anticipated as the natural or probable result of the original negligence, the original negligence will, notwithstanding such intervening act, be regarded as the proximate cause of the injury, and will render the person guilty of it chargeable." The defendant's driver should have reasonably anticipated that the natural and probable result of suddenly driving the

truck in front of the electric car at such close proximity thereto would be an attempt on the part of the motorman to stop the car as quickly as possible in order to save not only the car and passengers but his own body from injury. It is common knowledge that the instinct known as the law of self-preservation would alone cause a motorman in such circumstances to do exactly what he did.

Defendant excepted to the granting of plaintiffs' second request to charge which was as follows: "If the defendant can be said to have been guilty of negligence in any degree, without which the injury to these plaintiffs would not have happened (they being free from fault), then this defendant is answerable to these plaintiffs for their damages."

Applied to the facts in this case the instruction was correct. We have already stated that the driver should have foreseen that the natural and probable result of placing the truck in front of the moving electric car would be to cause the motorman to stop the car suddenly and, if possible, avoid a collision. Although the car was not stopped soon enough to avoid contact with the motor truck yet the defendant argues that the car was stopped too suddenly. The motorman would not have stopped suddenly if it had not been apparent to him that it was necessary to do so in order to avoid a serious accident. If the wife was injured by the sudden stopping of the car the act of the defendant's driver was the proximate cause of her damage. *Mahogany* v. *Ward, supra.*

We agree with the trial justice that the damages awarded to the wife are not excessive. The other exceptions require no consideration.

All of the defendant's exceptions are overruled. The case of the wife is remitted to the Superior Court for the entry of judgment on the verdict. The husband's case is remitted to the Superior Court for the entry of judgment on the verdict as reduced by the remittitur.

*Thomas L. Carty,* for plaintiffs.
*Frederick A. Jones,* for defendant.